981 F.2d 1260
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Samson K. LLOYD, Defendant-Appellant.
 No. 92-10282.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 4, 1992.
Decided Dec. 15, 1992.
 
 Before JAMES R. BROWNING, WILLIAM A. NORRIS and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Samson Lloyd appeals his convictions for possessing a handgun and ammunition in violation of 18 U.S.C. § 922(g)(1). We affirm.[1]
 
 I.
 
 3
 The district court denied Lloyd's motion to suppress the statements he made to the police on the grounds that Lloyd was not in custody when he admitted owning the magazine clip, the officers' questions were not interrogation, and Lloyd's statements were either volunteered and spontaneous, or admissible under the public safety doctrine.
 
 
 4
 We hold the words "What's this" were not interrogation under the facts of this case, and the statement by Lloyd that followed was voluntary and spontaneous. Officers Passmore and Creekmur testified that Creekmur called out to Passmore, not Lloyd, when he found the clip, and that Lloyd was not even facing Creekmur. Creekmur testified he recognized the clip for what it was, and his statement to Passmore was a comment, not a question. Passmore testified that Creekmur made the statement in a sarcastic tone. Nothing in the record indicates Creekmur directed the statement at Lloyd and we hold the statement was not reasonably likely to elicit an incriminating response. United States v. Booth, 669 F.2d 1231, 1237 (9th Cir.1981). Nor is there anything in the record to indicate Creekmur made the statement with the expectation that Lloyd would treat it as a question to him and make an incriminating statement in response.[2]
 
 II.
 
 5
 The court rejected Lloyd's offer to call his wife to testify that in the 15 years she has known him, she has never known him to carry a firearm. Lloyd argues this testimony would have been relevant to prove Lloyd had a "character trait" of being unarmed. We need not decide whether "being unarmed" can be a character trait. If exclusion of the testimony was error, it was harmless. Uncontroverted evidence established that Lloyd had a gun in his car in the parking lot on that night and exercised dominion and control over it. Officer Passmore testified Lloyd admitted owning the ammunition clip, and Lloyd stated to Officer Corpuz, "I never do nothing wrong. I went unload the gun." We conclude "it is more probable than not that the prejudice resulting from the error did not materially affect the verdict." United States v. Lui, 941 F.2d 844, 848 (9th Cir.1991).
 
 III.
 
 6
 In closing argument, Lloyd's counsel asserted the government's failure to prove Lloyd owned the gun should bear on the jury's decision whether Lloyd possessed the gun. In rebuttal, the prosecution pointed to the defense's failure to offer evidence that someone else owned the gun. The court gave standard instructions on the government's burden to prove every element beyond a reasonable doubt and the lack of any burden on the defense to come forward with exculpatory evidence, but did not give a specific curative instruction directed to the prosecutor's argument.
 
 
 7
 The court did not abuse its discretion when it declined to give a curative instruction concerning the prosecutor's statement. "A prosecutor may call attention to the defendant's failure to present exculpatory evidence if those comments do not call attention to the defendant's failure to testify and are not of such a character that the jury would naturally and necessarily take them to be a comment on the failure to testify." United States v. Lopez, 803 F.2d 969, 973 (9th Cir.1986). Nothing in the prosecutor's statement called attention to Lloyd's failure to testify. In particular, the prosecutor did not ascribe the failure to produce evidence to Lloyd; instead he referred to the failure of Lloyd's counsel to introduce evidence. United States v. Castillo, 866 F.2d 1071, 1083 (9th Cir.1988) ("A comment on the failure of the defense as opposed to the defendant to counter or explain the testimony ... or evidence ... is not an infringement of the defendant's Fifth Amendment privilege.") (citations and internal quotation marks omitted) (emphasis in original).
 
 
 8
 Nor did the prosecutor's statement imply Lloyd bore any burden to present exculpatory evidence. Lloyd's counsel raised the issue of who owned the gun. The prosecutor's statement was directed to rebutting the defense's assertion that the prosecution's failure to prove ownership created reasonable doubt. Lloyd's counsel was permitted to argue to the jury that defendant had no burden to offer evidence of his innocence. United States v. Chan Yu-Chong, 920 F.2d 594, 598-99 (9th Cir.1990) (prosecutor may rebut defense attempt to discredit evidence); Lopez, 803 F.2d at 972-73.
 
 
 9
 Affirmed.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or for the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We address Lloyd's claim that the district court erred in allowing the government to present evidence of three prior felony convictions in a separate published opinion
 
 
 [2]
 Because we affirm the district court's findings that Creekmur's statement was not interrogation and Lloyd's statement was voluntary and spontaneous, we need not consider whether Lloyd was in custody or whether the statement was admissible under the public safety exception